### GULF, C. & S. F. RY. CO. v. PEARCE et al.
### No. 3082.

Court of Civil Appeals of Texas. Beaumont.

May 13, 1937.

Rehearing Denied June 2, 1937.

Sanders & McLeroy, of Center, Terry, Cavin & Mills, of Galveston, and Stinchcomb, Kenley & Sharp, of Longview, for appellant.

Davis, Avery & Wallace, of Center, for appellees.

O'QUINN, Justice.

Appellees sued appellant for damages to a shipment of cattle. We shall refer to the parties as plaintiffs and defendant. Plaintiffs alleged that they delivered to the defendant on its line of railway at White's Ranch, Tex., 176 head of cattle to be transported with safety and dispatch to Center, Tex., and there to be delivered to plaintiffs. That for a valuable consideration, defendant accepted said cattle for transportation, and agreed to transport same as contracted. That said cattle when delivered to defendant for shipment were in sound condition and free from bruises and injuries. That defendant failed to safely transport and deliver said cattle, but that through the negligent failure of defendant, its agents and employees, to properly care for and transport said cattle, eight head of same were so badly injured en route that they died. That the value of said eight head of cattle was $30 per head, or $240. That one cow died after delivery because of her injured condition, and that she was worth $25. That one steer was so badly crushed as to be of no value, and that when he was delivered to defendant for shipment he was worth $30. That six calves died because of their mothers having been killed in transit, each of the value of $10. That 160 head of the cattle were so bruised and injured as to be depreciated in value in the sum of $2 each. That the damages alleged amounted to the sum of $675 suffered by plaintiffs by and through the negligence of defendant in failing to properly transport said cattle as per its contract to do so.

Plaintiffs further alleged that defendant in its acceptance of said 176 head of cattle for shipment agreed to deliver said cattle over its line of railway to Beaumont, Tex., and thence over the Texas & New Orleans Railroad to Tenaha, Tex., and thence over its (Gulf, Colorado & Santa Fé Railway) line to Center; but that instead of so doing it routed said shipment of cattle from White's Ranch to Beaumont, thence over the Texas & New Orleans Railway to Houston, thence over said Texas & New Orleans Railway to Tenaha, and thence over its (Gulf, Colorado & Santa Fé Ry.) line to Center, without plaintiffs' consent and contrary to

the agreement of the parties and the instruction of the plaintiffs.

Plaintiffs further alleged that the defendant failed through its agents and employees to sufficiently feed and water the cattle while in transit and while in the custody and care of defendant, though it was in law bound so to do, which duty and obligation of defendant plaintiffs did not waive, by reason of which they were entitled to recover of defendant the sum of $500 as penalty for such breach of duty. The prayer was for recovery of the actual damages alleged, and for the penalty pleaded.

The defendant answered by general demurrer, general denial, and certain special defensive pleas not thought necessary to be here stated.

The case was submitted to a jury upon special issues, upon their answers to which judgment was rendered in favor of plaintiffs for $885—$585 for damages to the cattle while in transit, and $300 penalty for not feeding and watering the cattle. We have the case on appeal.

After careful examination of the whole record, we think there are but two determining issues: First, were the cattle damaged, and if so in what amount; and, second, under the facts shown, and the law, article 889, R.S.1925, may a penalty be assessed.

The record, we think, supports the jury finding as to actual damage to the cattle in the sum of $585, and such finding and judgment thereon should be affirmed.

On the second issue, failure to feed and water the cattle, the record reflects: The cattle were delivered to defendant at White's Ranch on defendant's line of railway at about one o'clock p. m. May 4, 1935. It transported them to Beaumont (36 miles) and there delivered them to the Texas & New Orleans Railroad Company at about 5:15 p. m. that same day. The cattle were taken over the Texas & New Orleans Railway to Houston, Tex., and from there over said railroad company lines to Tenaha, and there delivered by said Texas & New Orleans Railroad Company to the defendant, Gulf, Colorado & Santa Fé Railway Company, at about 10:45 p. m. May 7, 1935, and defendant then delivered said cattle at Center, Tex. (10 miles), within less than one hour after receiving them from Texas & New Orleans Railroad Company at Tenaha. It appears

without dispute that the failure to feed and water the cattle, if such happened, was while the cattle were in the possession of the Texas & New Orleans Railroad Company while in transit over its lines. Article 889, R.S.1925, under which the recovery of penalty is asked, reads: "Art. 889. Care of animals.—

"A common carrier who conveys live stock of any kind shall feed and water the same during the time of conveyance and until the same is delivered to the consignee or disposed of as provided in this title, unless otherwise provided by special contract. Any carrier who shall fail to so feed and water said live stock sufficiently shall be liable to the party injured for his damages, and shall be liable also to a penalty of not less than five nor more than five hundred dollars, to be recovered by the owner of such live stock in any county where the wrong is done or where the common carrier resides."

The language "Any carrier who shall fail to so feed and water said live stock sufficiently shall be liable to the party injured for his damages, and shall be liable also to a penalty of not less than five nor more than five hundred dollars, to be recovered by the owner of such live stock in any county where the wrong is done or where the common carrier resides," clearly, we think, applies to the carrier which had the stock in its possession in transit, and failed to feed and water same as required by law. In the instant case the shipment was over connecting carrier lines—the Gulf, Colorado & Santa Fé Railway and the Texas & New Orleans Railway lines. The Gulf, Colorado & Santa Fé Railway was the initial carrier. As before stated, it appears without dispute that the failure to feed and water the cattle, if such was the case, was by the connecting carrier, the Texas & New Orleans Railroad Company during the time between about 5:15 p. m. on May 4, 1935, and about 10:45 p. m. May 7, 1935, while in its possession in transit from Beaumont to Tenaha, where it delivered the shipment back to defendant. The statute does not make a connecting carrier liable for a penalty for a wrong committed by another connecting carrier—in other words, where there are connecting carriers transporting freight, a penalty authorized against the carrier which fails to comply with a statutory requirement can be assessed only against the carrier

failing to comply with the law. As the failure to feed and water the stock was by the Texas & New Orleans Railroad Company, the penalty cannot be assessed against defendant, Gulf, Colorado & Santa Fé Railway Company.

From what we have said that portion of the judgment awarding plaintiffs judgment for actual damages to the cattle in the sum of $585 should be affirmed, and that portion of the judgment awarding plaintiffs judgment for $300 as penalty should be reversed and here rendered for defendant, and it is so ordered. Affirmed in part, and reversed and rendered in part.